# Exhibit A



**NYSCEF**   **Document List**
New York County Supreme Court   **Index #  160250/2019**   Created on:10/28/2019 03:58 PM

Case Caption:   **Joseph H West v. The Action Network, Inc. et al**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 10/22/2019 | Zaita, N. |

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-----------------------------------------------------------------X

| | |
|---|---|
| JOSEPH H. WEST<br><br>    PLAINTIFF,<br><br>    vs.<br><br>THE ACTION NETWORK, INC., AND PAUL LO DUCA,<br><br>    DEFENDANTS. | Index No.:<br><br>Plaintiff designates New County as the place of trial.<br><br>The basis of venue is the residence of defendants and the location of the tortious acts committed by the defendants.<br><br>**SUMMONS** |

-----------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys a verified answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       October 22, 2019

 

*/s/ Nicholas J. Zaita*
Nicholas J. Zaita, Esq.
LEWIS DIBIASI ZAITA & HIGGINS
420 Lexington Avenue, Suite 300
New York, NY 10107
(212) 772-0943
nzaita@ldzhlaw.com

Kevin L. Murphy, Esq. (*pro hac vice* pending)
MURPHY LANDEN JONES, PLLC
2400 Chamber Center Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 578-3060
kmurphy@mljfirm.com

*Attorneys for Plaintiff Joe H. West*

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-----------------------------------------------------------X

JOSEPH H. WEST

    PLAINTIFF,

        vs.

THE ACTION NETWORK, INC., AND
PAUL LO DUCA,

    DEFENDANTS.

-----------------------------------------------------------X

**VERIFIED COMPLAINT
AND JURY DEMAND**

Index No. _____

For his Verified Complaint against Defendants The Action Network, Inc. ("The Action Network") and Paul Lo Duca ("Lo Duca"), Plaintiff, Joseph H. West ("Joe West"), by and through his undersigned attorneys, states as follows:

## **PARTIES**

1. Plaintiff is a citizen of Florida and resides in Lake County, Florida.

2. The Action Network is a Delaware corporation with its principal place of business located at 275 Madison Avenue, Suite 512, New York, New York 10016.

3. Upon information and belief, Lo Duca is a citizen of the State of New York and does business in New York.

## **JURISDICTION AND VENUE**

4. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

5. Jurisdiction and venue are based upon the residence of the defendants, which reside, maintain offices, and do business in the State, County, and City of New York and upon

the commission of tortious acts by publication of defamatory material in the State, County, and City of New York.

6. This court has jurisdiction pursuant to CPLR § 301 and venue is proper pursuant to CPLR § 503.

## FACTS

7. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

8. Plaintiff is an umpire for Major League Baseball, and has been a professional umpire more than 40 years.

9. Upon information and belief, at all times relevant hereto, The Action Network employed former Major League Baseball catcher Lo Duca as an analyst, commentator and podcaster.

10. On or about April 18, 2019, The Action Network published a podcast on which Lo Duca discussed, among other things, the Plaintiff.

11. On the podcast, Lo Duca made multiple false statements regarding Plaintiff including, but not limited to, the following:

   a. That of the allegedly fifteen games in his life that he had been thrown out of, eight or nine of them were by Joe West[1]; and

   b. That in a game against the Phillies in 2006 or 2007 in which Lo Duca was the catcher, Billy Wagner was the pitcher, and Joe West was the home plate umpire, Joe West called three batters out on strikes and walked off the field and that the following occurred when the players returned to the clubhouse:

   > "We get back into the clubhouse and I'm like, 'What the f**k just happened just right now?' and Wagner just winks at me.

---

[1] Lo Duca: "I've probably been thrown out of fifteen games in my life and eight or nine of them were Joe. That's true."

2

> I'm like, 'What's the secret?'
> He's like, 'Joe loves antique cars.
> I'm like, 'really?'
> He goes, 'Yeah, so every time he comes in town, I lend him my '57 Chevy so he can drive it around.'
> And I'm like, 'What?'
> He goes, 'Yeah, so then he opens up the strike zone for me.'
> I'm like, 'This guy's been throwing me out for the last 10 years of my life and all I needed to do was rent him a '57 Chevy?'"

12. Lo Duca's podcast co-host then remarked that "Major League Baseball should launch an investigation."

13. In reality, Lo Duca was ejected eight times in his Major League Baseball career and only once by Joe West.

14. In reality, during 2006 and 2007, the two years that Lo Duca played for the New York Mets with Billy Wagner, Joe West was the home plate umpire for a game between the Philadelphia Phillies and the Mets only once, Billy Wagner did not pitch at all, and the game ended on a home run, not on called strikes.

15. At no time did Billy Wagner lend Joe West any car of any kind.

16. Joe West never "opened up the strike zone" for Billy Wagner in exchange for the use of a car or any other favor.

17. At the time the subject statements were made, Lo Duca knew the statements were false, or at a minimum, made with a reckless disregard for their truth or falsity.

18. At the time the subject statements were published, The Action Network knew or should have known the statements were false, or at a minimum, made with a reckless disregard for their truth or falsity.

19. Upon information and belief, Lo Duca and his podcast co-host were, at the time of the subject statements, acting within the scope of their employment.

3

20. Upon information and belief, Lo Duca and his podcast co-host were, at the time of the subject statements, performing services at the direction of The Action Network.

21. The subject statements made and published by the Defendants were directed at the Plaintiff in his capacity as a professional umpire for Major League Baseball.

22. The subject statements made and published by the Defendants have had the effect of defaming and disparaging the Plaintiff in his professional capacity.

23. After the podcast was published, the statements made in the podcast were further disseminated by other major media outlets, further damaging Plaintiff and the pursuit of his profession.

## COUNT ONE
### (Defamation Per Se – Lo Duca)

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25. The subject statements made and published by Lo Duca were false. Lo Duca knew the statements were false at the time they were made and published, or at a minimum, made with a reckless disregard for their truth or falsity. These statements impugn the integrity, honesty and professional fitness of Mr. West and affect his profession as a Major League Baseball umpire.

26. The subject statements were of and concerning Plaintiff and mentioned Plaintiff directly by name.

27. Lo Duca was not privileged to make the subject statements.

28. The subject statements were published nationwide to third parties.

29. The subject statements have caused Plaintiff to suffer special harm in that the statements involve false allegations that have interfered with his professional relationships including but not limited to those with his employer.

30. As a result of the statements made and published by Lo Duca, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT TWO
### (Defamation Per Se – The Action Network)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The subject statements made by Lo Duca and published by The Action Network were false. The Action Network knew the statements were false at the time they were made and published, or at a minimum, made with a reckless disregard for their truth or falsity. These statements impugn the integrity, honesty and professional fitness of Mr. West and affect his profession as a Major League Baseball umpire.

33. The subject statements were of and concerning Plaintiff and mentioned Plaintiff directly by name.

34. The Action Network was not privileged to make the subject statements.

35. The subject statements were published by The Action Network nationwide to third parties.

36. The subject statements have caused Plaintiff to suffer special harm in that the statements involve false allegations that have interfered with his professional relationships including but not limited to those with his employer.

37. As a result of the statements made by Lo Duca and published by The Action Network, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT THREE
### (Respondeat Superior)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. The Action Network is vicariously liable for its employee Lo Duca's conduct while in the scope of Lo Duca's employment.

5

40. The Action Network is vicariously liable for its employee Lo Duca's conduct as it was generally foreseeable and a natural consequence of his employment.

41. The Action Network is vicariously liable for the conduct of Lo Duca because his conduct was in the scope of his employment at The Action Network and because his statements were made on a podcast published by The Action Network while Lo Duca was engaging in the business of The Action Network.

42. As a result of the foregoing Plaintiff was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That Defendants Paul Lo Duca and The Action Network be held jointly and severally liable to Plaintiff for all actual damages suffered or incurred by Plaintiff including, but not limited to, compensatory damages, consequential damages, incidental damages, interest, and costs caused by Defendants' conduct, in amounts to be determined at trial;

B. That Plaintiff be awarded punitive damages against each of the Defendants to the fullest extent allowed by law;

C. Pre- and post-judgment interest allowed by law;

D. Costs of this action, including court costs and reasonable attorneys' fees; and

E. For any and all other relief to which Plaintiff may be entitled at law or in equity.

Dated: New York, NY
October 22, 2019

Respectfully submitted,

/s/ Nicholas J. Zaita

Nicholas J. Zaita, Esq.
LEWIS DIBIASI ZAITA & HIGGINS
420 Lexington Avenue, Suite 300
New York, NY 10107
(212) 772-0943
nzaita@ldzhlaw.com

Kevin L. Murphy, Esq.
(*pro hac vice* pending)
MURPHY LANDEN JONES, PLLC
2400 Chamber Center Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 578-3060
kmurphy@mljfirm.com

*Attorneys for Plaintiff Joe H. West*

## VERIFICATION

STATE OF Florida      )
                      ) SS:
COUNTY OF Luke        )

Joe H. West, being duly sworn, deposes and says that:

I am the Plaintiff in the within action. I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to my own knowledge, except as to matters therein alleged upon information and belief, and as to those matters I believe them to be true.

_____
Joe H. West

Sworn to before me this
21st day of October 2019

_____
Notary Public

Travis Shack
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF975838
Expires 3/28/2020